**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Jaret Wade Eccleston,

Plaintiff,

v.

Commissioner of Social Security Administration,

Defendant.

No. CV-21-00140-PHX-JAT

**ORDER**

Pending before the Court is Counsel for Plaintiff Jaret Eccleston's Motion for an Award of Attorney Fees under 42 U.S.C. § 406(b), Memorandum in support thereof, and Notice of Non-Response and Request for Summary Disposition of Motion for Attorney Fees Under 42 U.S.C. § 406(b). (Doc. 33; Doc. 35). Neither the Commissioner of the Social Security Administration ("Commissioner") nor Plaintiff responded. The Court now rules.

## I. BACKGROUND

Plaintiff filed his application for social security disability benefits in June 2019. (Doc. 21-3 at 34). The Commissioner denied Plaintiff's application the following September and again upon reconsideration in April 2020. (*Id.*) Plaintiff then filed a written request for a hearing, which was granted. (*Id.*) After the hearing, the ALJ issued an unfavorable decision in November 2020. (*Id.* at 48). And in January 2021, the Social Security Administration Appeals Council adopted the ALJ's decision as final. (*Id.* at 2). Plaintiff appealed to this Court. (Doc. 1). The parties stipulated to remand the action for further administrative proceedings pursuant to sentence four of U.S.C. § 405(g) and

stipulated that Plaintiff be awarded $6,166.40 under the Equal Access to Justice Act ("EAJA"). (Doc. 28 at 1; Doc. 31 at 1). Pursuant to those stipulations, the Court: (1) remanded for further proceedings and (2) awarded Plaintiff $6,166.40 in EAJA fees. (Doc. 29; Doc. 32 at 2).

Counsel represents that on remand, the Commissioner awarded Plaintiff $223,364.00 in past due benefits and that the Commissioner withheld $55,841.00 from this amount for the payment of attorney fees. (Doc. 33 at 3). The Commissioner did not respond, and the Court accepts these numbers as true, despite Counsel's failure to provide supporting documentation of these numbers.

Counsel now seeks $55,000.00, which is $841.00 less than the Commissioner withheld, as a total fee award pursuant to 42 U.S.C. § 406(b). (Doc. 33 at 1).

## II. LEGAL STANDARD

A court entering judgment in favor of a Social Security claimant represented by counsel "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Although "[t]he statute does not specify how courts should determine whether a requested fee is reasonable," *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009), the Supreme Court has made clear that the first step is to respect "the primacy of lawful attorney-client fee agreements," *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002). A court may deviate downward from a requested fee award "if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Crawford*, 586 F.3d at 1151. "Because the [Commissioner] has no direct interest" in how the award is apportioned between client and counsel, district courts must independently "assure that the reasonableness of the fee is established." *Id.* at 1149.

In determining whether fees sought under § 406(b) are reasonable, the Court considers the contingent-fee agreement, the character of the attorney's representation, and the achieved result. *Gisbrecht*, 535 U.S. at 808. Although not controlling, courts may also

consider the number of hours spent representing the claimant and the attorney's normal hourly billing rate for non-contingent-fee cases in determining reasonableness. *Id.* at 808–09. Finally, if a claimant's attorney receives fees under both the EAJA and § 406(b), the attorney must "refund to the claimant the amount of the smaller fee." *Id.* at 796 (citation omitted).

## III. DISCUSSION

The Court notes at the outset that Counsel filed a "Notice of Non-Response and Request for Summary Disposition of Motion for Attorney Fees Under 42 U.S.C. § 406(b)." (Doc. 35). Counsel cites LRCiv 7.2(i) to argue the Court should summarily grant his attorney fees motion due to the Commissioner's and Plaintiff's non-response. (*Id.* at 1). Although failure to respond may be deemed as consent to the granting of a motion, the Court in its discretion, will nevertheless consider the attorney fees motion on its merits. *See* LRCiv 7.2(i).

Plaintiff contractually agreed to pay Counsel 25% of past-due benefits. (Doc. 33 at 11). Counsel now seeks $55,000.00, or slightly less than 25%, of the past-due amount awarded to Plaintiff. (*Id.* at 1). Counsel requests an hourly rate of $1,906.41 per hour ($55,000/28.85 hours). If awarded the requested attorney fees under § 406(b), Counsel will reimburse Plaintiff the $6,166.40 EAJA award. Counsel thus seeks net attorney fees in the amount of $48,833.60 or $1,692.67 per hour. Based upon these figures, the requested net § 406(b) attorney fees represent approximately 21.86% of Plaintiff's past-due benefits.

Although Plaintiff agreed to pay Counsel 25% of any past-due benefits he received, this Court must still consider the *Gisbrecht* factors to determine whether the fee yielded from that agreement is reasonable. *Gisbrecht*, 535 U.S. at 807. On this record, it does not appear that counsel delayed Plaintiff's case or provided substandard representation. *Crawford*, 586 F.3d at 1151. However, courts must also consider whether granting an attorney's requested fee will result in a windfall. If the requested "benefits are large in comparison to the amount of time counsel spent on the case," then a reviewing court should reduce counsel's recovery. *See Gisbrecht*, 535 U.S. at 808.

Counsel claims the requested "fee is not a windfall in proportion to the time expended" and "[t]he risk was borne here in full" as there was "no assurance of any recovery" and this is the only fee Counsel will receive "five and one-half years" after the case began. (Doc. 33 at 4-5). In support, Counsel contends the fee is reasonable in light of *Crawford*, 586 F.3d at 1143, which approved hourly rates of $519, $875, and $902. (*Id.*) Counsel reasons that adjusting for inflation, the equivalent hourly rates in today's dollars would be approximately $811, $1,367, and $1,409 and that adjusting down for inflation at the time Counsel represented Plaintiff in 2021, his awarded hourly rate would be lowered to $1,581. (*Id.*) The Court is unpersuaded.

Counsel does not cite to, and the Court's independent research did not reveal, any case in the District of Arizona using inflation to adjust previously approved hourly rates (such as the rates in *Crawford*) into today's dollars to determine whether the requested hourly rate is reasonable. Further, the comparison to *Crawford* is unavailing. In discussing why the requested fees in the three cases at issue in *Crawford* did not result in a windfall, the Ninth Circuit Court of Appeals reasoned that "[i]n each case, counsel voluntarily reduces those fees substantially from the allowable 25%." *Crawford*, 586 F.3d at 1152. The counsel in those three cases sought fees representing 16.95%, 15.12%, and 13.94% of the past-due benefits awarded. *Id.* at 1145-46. By way of contrast, Counsel here has voluntarily reduces his fee request by $800 or 0.38% of the past-due benefits award. Consequently, *Crawford* does not support Counsel's claim that the effective hourly rate of $1,692.67 would not amount to a windfall.

Further, an hourly rate of $1,692.67 would be on the high end of hourly rates courts in the District of Arizona have approved. *Norden v. Comm'r of Soc. Sec. Admin.*, No. CV-19-00373-PHX-JAT, 2020 WL 3472551, at *2 (D. Ariz. June 25, 2020) (finding an hourly rate of $1,295.45 fell "slightly outside the range of reasonableness that this Court" has previously approved); *Payne v. Comm'r of Soc. Sec. Admin.*, No. CV-19-08254-PCT-GMS, 2021 WL 1171501, at *1 (D. Ariz. March 29, 2021) (finding an hourly rate of $1,500 per hour was unreasonable in a case resolved without full briefing); *Cruz Fernandez,*

*Plaintiff, v. Comm'r of Soc. Sec. Admin., Defendant*, No. CV-23-01670-PHX-DWL, 2026 WL 2444940, at *2 (D. Ariz. Aug. 20, 2026) (noting that an hourly rate of $1,386.01 "exceeds what courts in the District of Arizona have found to be reasonable for § 406(b) awards in cases of ordinary complexity").

Counsel does not elaborate on any factors that make this specific case a particularly risky one compared to the general risk that always applies to representation on a contingency basis, and the Court cannot independently perceive any. This case was also resolved through a stipulated remand before it was fully briefed by both parties. The de facto hourly rate of $1,692.67 falls slightly outside the range of reasonableness that this Court, and others in this district, have found reasonable in recent cases by stipulation to remand without full briefing. Because the Court finds that the requested fee award was unreasonable, the Court will not grant Counsel the entirety of his sought-after fee.

Counsel has not provided the Court with his actual, non-contingent hourly rate. Recently, a court reduced the award to an effectively hourly rate of $1,200. *Demand v. Comm'r of Soc. Sec. Admin.*, No. CV-18-08063-PCT-DLR, 2020 WL 1659898, at *1–2 (D. Ariz. April 3, 2020). The Court will accordingly reduce the award to reflect an hourly rate of $1,200 per hour. After this reduction, the total § 406(b) fee award is $34,620.[1]

Because he also received an EAJA award, Counsel must "refund to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796. Instead of refunding the smaller EAJA award of $6,166.40, Counsel asks the Court to credit the EAJA award as an offset instead of ordering Counsel to refund the $6,166.40 directly to Plaintiff. (Doc. 33 at 8). Counsel reasons that "[g]iven the hostility that ended the attorney-client relationship, a court-ordered setoff avoids any further direct financial dealings between [Counsel] and Plaintiff." (*Id.*) But *Gisbrecht* directs "the claimant's attorney" to refund the smaller fee award. *Id.* While it would result in the same numerical award to the parties involved, the Court will deny Counsel's request. Therefore, the Court will order Counsel to refund the

[1] Because Counsel did not provide a copy of the Social Security Administration's Notice of Award, the Commissioner has no duty to release this fee award if the amount is greater than 25% of the past due benefits actually withheld from Plaintiff.

$6,166.40 award to Plaintiff upon Counsel's receipt of the attorney fees awarded by this order.

**IV. CONCLUSION**

**Accordingly,**

**IT IS ORDERED** that Counsel's Motion for Attorney Fees under 42 U.S.C. § 406(b)(1)(A), (Doc. 33) is **granted in part and denied in part**. Fees under § 406(b) are awarded in the amount of only $34,620.00.

**IT IS FURTHER ORDERED** that Counsel's Notice of Non-Response and Request for Summary Disposition of Motion for Attorney Fees Under 42 U.S.C. § 406(b), (Doc. 35) is **denied as moot**.

**IT IS FURTHER ORDERED** that Counsel shall, after receipt of the above-awarded fee, refund to Plaintiff the fee previously awarded under the EAJA, in the amount of $6,166.40.

Dated this 8th day of September, 2026.

James A. Teilborg
Senior United States District Judge